IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| BP AMERICA, INC. | § | MISC. ACTION NO. H-11-0543 |
| | § | |
| | § | |

**ORDER**

This court previously granted BP America, Inc.'s motion to quash the deposition of Robert Malone. (Docket Entry No. 4). The plaintiff, Andrew Vargas, has moved for reconsideration of this court's order. (Docket Entry No. 5). BP has responded. (Docket Entry No. 6).

A motion to reconsider is appropriately considered under Federal Rule of Civil Procedure 59(e), which allows for "[a] motion to alter or amend a judgment [that is] filed no later than 28 days after the entry of the judgment." Relief under this rule is difficult to obtain. As the Fifth Circuit explains:

> A Rule 59(e) motion—which asks the court to set aside its previous judgment—"serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."

*Ewans v. Wells Fargo Bank, N.A.*, 389 F. App'x 383, 389–90 (5th Cir. 2010) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)); *accord* 11 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124–26 (2d ed. 1995). Such a motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued" or "to argue a case under a new legal theory." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

Having carefully considered Vargas's arguments in support of reconsideration, this court

concludes that Vargas has failed to demonstrate any manifest errors of law or fact in the court's previous opinion. For that reason, and for the reasons stated in the court's previous memorandum and opinion, Vargas's motion for reconsideration, (Docket Entry No. 5), is denied.

SIGNED on January 19, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge